MEMORANDUM ***
Rebecca Morgan appeals the district court’s order affirming the Commissioner of the Social Security Administration’s (“the Commissioner”) denial of disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court’s order de novo. Hiler v. Astrue, 687 F.3d 1208, 1211 (9th Cir.2012). The scope of our review of the Commissioner’s denial of disability benefits is limited. “We may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error.” Bray v. Comm’r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir.2009) (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir.2006)). However, even if the administrative law judge (“ALJ”) committed a legal error, we will not reverse “for errors that are harmless.” Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir.2005).
Morgan contends that the ALJ erred by improperly according “substantial weight” to the opinion of a non-physician single decision maker (“SDM”), discounting the opinions of her treating physicians, considering symptoms unrelated to fibromyalgia, and finding that she could still perform past relevant work as a general office clerk and other jobs that exist in significant numbers in the national economy, including housekeeper, mail clerk, and small products assembler. We reverse and remand for further proceedings.
The ALJ erred in according substantial weight to the opinion of Wayne S. Rhodes, a non-physician SDM, in determining Morgan’s residual functional capacity. An ALJ may not accord any weight, let alone substantial weight, to the opinion of a non-physician SDM. See Program Operations Manual System DI 24510.050 (“SDM-completed forms are not opinion *795 evidence at the appeal levels.”).[1] The ALJ mistakenly believed that Mr. Rhodes was a physician, and made four references to him as “Wayne S. Rhodes, M.D.” or “Dr. Rhodes” in her written decision.
The ALJ’s error was not harmless because the ALJ’s reliance on Mr. Rhodes’ opinion was consequential to the ultimate nondisability determination. See Molina v. Astrue, 674 F.3d 1104, 1117 (9th Cir.2012). Indeed, the ALJ herself stated that she gave the opinion “substantial weight.” Furthermore, central to the ALJ’s ultimate nondisability determination was the finding that Morgan had the residual functional capacity to perform work at a light level. Without such a finding, the ALJ could not have determined at later steps in the sequential evaluation process that Morgan was capable of performing past relevant work and other jobs that exist in significant numbers in the national economy. Mr. Rhodes’ opinion was the only “medical” opinion to find that Morgan was physically capable of performing work at a light level. No other physician, treating or otherwise, directly opined that Morgan was physically able to perform light work. Mr. Rhodes’ opinion was also the only “medical” opinion to directly controvert Morgan’s self-reported physical limitations. In contrast, Morgan’s treating physicians, Dr. Ihle and Dr. Olson, described her reported limitations as reasonable.
The fact that Mr. Rhodes’ opinion was affirmed by Robert Hoskins, M.D., does not render the ALJ’s error harmless. A reviewing court must limit itself to the evidence actually mentioned or relied on by the ALJ, not evidence .that the ALJ could have relied on to support her decision. See Bray, 554 F.3d at 1225 (“Longstanding principles of administrative law require us to review the ALJ’s decision based on the reasoning and factual findings offered by the ALJ — not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.”). The dissent is correct that the ALJ was required to consider Dr. Hoskins’ opinion. On remand she should do so. We cannot know now whether the ALJ would give the same “substantial weight” to a physician’s opinion summarily affirming a non-physician’s opinion as she gave to what she mistakenly believed to be a physician’s opinion.
An ALJ must evaluate a physician’s explanations for his opinion, and the weight given to an opinion depends on the strength of such explanations. See 20 C.F.R. § 404.1527(c)(3) (“The better an explanation a source provides for an opinion, the more weight we will give that opinion.”). This is particularly true for the opinions of nonexamining physicians, like Dr. Hoskins. See id. (“[Bjecause nonex-amining sources have no examining or treating relationship with you, the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions.”). Dr. Hoskins’ entire opinion consists of one sentence: “This is to affirm that I have noted the data in this file and the assessment of 9/29/05 is affirmed as written.” The ALJ may very well decide to give less than substantial weight to such a cursory opinion.
Because the ALJ erred in according substantial weight to a non-physician SDM’s opinion, we need not consider Morgan’s remaining grounds for appeal. However, we note that on remand, the ALJ should consider her decision in light of *796 Benecke v. Barnhart, 379 F.3d 587 (9th Cir.2004), and Vertigan v. Halter, 260 F.3d 1044 (9th Cir.2001).
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. "The [Program Operations Manual System] does not have the force of law, but it is persuasive authority.” Warre v. Comm’r of Soc. Sec. Admin., 439 F.3d 1001, 1005 (9th Cir.2006).